UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY L. MAY, et al.,

       Plaintiffs,

CASE NO. 1:08-CV-683

v.

HON. ROBERT J. JONKER

PATRICIA CARUSO, et al.,

       Defendants.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 38) and Petitioner's objection to it (docket # 39). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review, the Court concludes that Defendants are entitled to summary judgment and that the Magistrate's Report and Recommendation is legally sound in all respects and factually correct in all but one immaterial respect.

The Report and Recommendation recommends that the motions for summary judgment filed by the Defendants (docket # 21 & 28) be granted. Plaintiff Anthony May objects to one recommendation only: namely, the recommended grant of summary judgment to Defendant Patricia Caruso on his claims for declaratory, injunctive and monetary relief. He does not object to the grant of summary judgment in favor of any other defendant (docket # 39, at 9). The Court rejects Mr. May's objection because the Court agrees with the Magistrate's Report and Recommendation that the Michigan Department of Corrections policy restricting the visitation rights for the minor children of a prisoner convicted of child abuse or criminal sexual conduct with a child passes constitutional muster under *Overton v. Bazzetta*, 539 U.S. 126, 133 (2003).

Mr. May challenges an MDOC policy that restricts visitation rights for his minor children based on Mr. May's conviction for child abuse involving one of his children. He contends that the Report and Recommendation erroneously reached the conclusion that the restriction is constitutional because it relied on an incorrect factual finding that Mr. May was convicted of third-degree criminal sexual conduct with one of his children. The Report and Recommendation does describe Mr. May as having been convicted of third-degree criminal sexual conduct with one of his children and this is factually incorrect. The record in this case establishes that Mr. May was convicted of third-degree child abuse of one of his minor children, not criminal sexual conduct with one of his children. The factual error is, however, constitutionally immaterial.

The Policy Directive at issue restricts the visitation of any person convicted of any assaultive or violent behavior against the child or sibling of the child. Both criminal sexual conduct and third-degree child abuse trigger the restriction. The restriction as applied to a person convicted of abusing one of his minor children, like Mr. May, is constitutionally permissible. The state has a legitimate

penological interest in preventing a prisoner from seeing the siblings of a child that he was convicted of abusing, without distinction between physical and sexual abuse of the child. *See Overton*, 539 U.S. at 133 (holding that "[p]rotecting children from harm is . . . a legitimate goal" of prison regulations that restrict visitation). Because the legal conclusions in the Report and Recommendation is unaffected by the misdescription of one of Mr. May's convictions, the Court rejects Mr. May's objections regarding the grant of summary judgment for Ms. Caruso.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed July 23, 2009, is approved and adopted as the opinion of this Court except for the inaccurate description of Mr. May's child abuse conviction.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment are **GRANTED**.

Dated:   September 16, 2009         /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE